IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST FUND, | ) ) ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.:  19- |
| NEIDIG EXCAVATING, INC. | ) ) ) |
| Defendant. | ) |

# COMPLAINT

NOW COMES the Plaintiff, Operating Engineers Local 649 Annuity Trust Fund, by its attorney, David W. Stuckel, and for its complaint against the Defendant, Neidig Excavating, Inc., states as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 USC 1132 and 1145 (hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Plaintiff is an employee pension fund under ERISA which conducts its business within the Central District of Illinois, and in particular Peoria County. Defendant is an employer under ERISA and the Labor Management Relations Act, 29 USC 185.

3. Defendant is obligated to make contributions to the Plaintiff under the terms of a certain agreement and declaration of trust establishing and outlining the administration of the Fund and pursuant to the terms of a collective bargaining agreement adopting the agreement and declaration of trust entered into by Defendant.

4. As an employer obligated to make contributions to the Fund, Defendant is specifically required to do the following:

    a. To submit to Plaintiff for each month, by the fifteenth (15th) day of the month following the month for which the report is made, a report stating the names, social security numbers and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff, or, if no such persons are employed for a given month, to submit a report so stating;

    b. To remit with the report payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement signed by Defendant;

    c. To make all of its payroll books, records, tax and unemployment reporting forms, and other applicable records available to Plaintiff for the purpose of auditing same to determine whether Defendant is making full payment as required under the applicable agreements;

    d. To compensate Plaintiff by way of liquidated damages the amount of twenty percent (20%) of any and all contributions which are not timely received by Plaintiff for each moth in which contributions are due, as specified fully in paragraph 3a. above, together with interest at the rate of 9% per annum from the date said contribution was due until the date paid;

    e. To pay any and all costs incurred by Plaintiff in auditing Defendant's records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiff;

    f. To pay Plaintiff's reasonable attorney's fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit records for audit or to recover delinquent contributions; and

    g. To furnish to Plaintiff a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff, to cover future contributions due the Plaintiff.

WHEREFORE, Plaintiffs pray:

A. Upon careful review of all records maintained by Plaintiff, and after application of any and all partial payments made by Defendant, the total sum of $25,559.72 is due from Defendant to Plaintiff itemized as follows:

a. $18,189.52 in past due contributions for the period of January 1, 2015 to December 31, 2017;

b. $3,637.90 in liquidated damages on unpaid contributions;

c. $2,767.30 in interest from January 1, 2018, to September 9, 2019, at the rate of 9% per annum; and

d. $965.00 in professional fees incurred by Plaintiff for the examination of Defendant's books and records.

WHEREFORE, Plaintiffs pray:

A. That judgment be entered in favor of Plaintiff and against Defendant in the total sum of $25,559.72, and:

B. That Plaintiff be allowed its reasonable attorney's fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plan and in ERISA; and

C. The Plaintiff have such other and further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

>Respectfully Submitted,
>
>**Operating Engineers Local 649 Annuity Trust Fund**, Plaintiff
>
>BY:   s/David W. Stuckel
>      DAVID W. STUCKEL

David W. Stuckel
Harvey & Stuckel, Chtd.
101 SW Adams Street, Suite 600
Peoria, IL 61602
(309) 671-4900
dstuckel@hslaw.us